IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                )
                  Plaintiff,    )
v.                              )        Case No. CR-10-43-D
                                )
MEHRAN KORANKI,                 )
                                )
                  Defendant.    )

# O R D E R

Before the Court is Defendant's Motion to Strike Surplusage in Indictment [Doc. No. 20],

filed pursuant to Fed. R. Crim. P. 7(d).  The Motion concerns allegations of the retail prices of

computer parts allegedly involved in the fraudulent scheme charged in Counts 1-48.  Defendant

contends the value of the items is unnecessary to proof of the alleged mail fraud offenses, and the

combined total of the amounts alleged in the Indictment exceeds $100,000.00, which is prejudicial

to him.

Rule 7(d) authorizes a district court to strike surplusage from an indictment or information

upon a defendant's motion.  The advisory committee's note reflects that the rule was adopted as a

means to protect a defendant against the inclusion in a charging document of irrelevant allegations

that may be prejudicial.  *See* Fed. R. Crim. P. 7 cmt. (1944).  Accordingly, the court of appeals has

stated concerning Rule 7(d):  "Acting in its discretion, a district court may strike as surplusage

allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant."

*United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990); *see also United States v. Brooks*, 438

F.3d 1231, 1237 (10th Cir. 2006).  In *United States v. Zabawa*, 39 F.3d 279, 285 (10th Cir. 1994),

the court of appeals affirmed an order striking a reference to "6,708 victims" from an indictment

charging mail and wire fraud, where the government had identified only thirty victims.  On the other

hand, appellate courts have affirmed a trial court's decision not to strike an alleged amount of proceeds of a fraudulent scheme from an indictment charging mail fraud. In *United States v. Jordan*, 626 F.2d 928, 931-32 (D.C. Cir. 1980), the court of appeals held that, even though the allegation was surplusage and only a lesser amount was established by the trial evidence, it was not an abuse of discretion for the trial court to refuse to strike the allegation.

In this case, the Indictment charges Defendant with 48 counts of mail fraud, in violation of 18 U.S.C. § 1341, and five counts of money laundering, in violation of 18 U.S.C. § 1957(a). The Indictment also includes forfeiture allegations, by which the government seeks a sum of money as proceeds traceable to the mail fraud scheme, equal to $6,260,157.95, upon Defendant's conviction of the offense of mail fraud.[1] In opposition to Defendant's Motion to strike the allegations of retail prices from Counts 1-48, the government argues that the value of the computer parts fraudulently obtained by Defendant as part of the alleged scheme is relevant to show the size, scope, and profitability of the scheme, and is neither inflammatory nor unfairly prejudicial to Defendant.

Upon consideration of the issue, the Court declines to strike the allegations of retail prices from Counts 1-48 as surplusage. Defendant is plainly correct that proof of the retail value of the computer parts allegedly involved in the fraudulent scheme is unnecessary to establish the essential elements of mail fraud. However, the government is also correct that proof of the value of the property allegedly obtained is relevant to show the nature and scope of the fraudulent scheme charged in the Indictment and the profit motive behind it. These alleged facts bolster the

---

[1] Defendant has demanded a jury trial on the forfeiture allegations. *See* Demand for Jury [Doc. No. 19]. The government has filed a response in opposition to this demand, in which it argues that Defendant is not entitled to a jury trial on the issue of a forfeiture of money and that the Court should deny Defendant's demand. *See* Government's Resp. Def.'s Demand for Jury Trial on Forfeiture Allegations [Doc. No. 22]. The Court has not yet issued a decision on the jury trial issue.

government's case and are relevant to the charged offenses, and are not inflammatory or unfairly prejudicial. Therefore, the Court finds the allegations of retail prices need not be stricken from the Indictment.

IT IS THEREFORE ORDERED that the Motion to Strike Surplusage in the Indictment [Doc. No. 20] is DENIED.

IT IS SO ORDERED this 20th day of July, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE