IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-10-43-D |
| | ) | |
| MEHRAN KORANKI, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court upon Defendant Mehran Koranki's Motion to Exclude Evidence, or in the Alternative, Motion for Continuance of Jury Trial [Doc. No. 43]. Defendant seeks an order prohibiting the government from introducing as evidence in his jury trial set for November 8, 2010, approximately 48 documents first produced by the government on October 18, 2010. Alternatively, Defendant requests a continuance of the trial to permit additional time for his counsel to prepare a defense in light of the new documents. The government has promptly opposed the Motion, explaining in detail the nature of the documents and their significance to the trial issues. The government contends the disclosure was timely made, and objects to any further continuance of the trial, which was originally set to occur in April, 2010.

Upon consideration of the issues raised by Defendant, the Court finds insufficient reason to exclude the government's evidence or to delay the trial. The Court is not convinced either that the government's document production is untimely or that any untimeliness warrants the exclusion of the documents. *See United States v. Adams*, 271 F.3d 1236, 1243-44 (10th Cir. 2001) (discussing factors to be considered in excluding evidence under Fed. R. Crim. P. 16(d) based on untimely disclosure); *United States v. Russell*, 109 F.3d 1503, 1510-11 (10th Cir. 1997) (applying Rule 16(d)

analysis to untimely disclosure not governed by rule). Further, Defendant's last motion requesting a trial continuance raised similar issues – the complexity of the case, the volume of discovery materials, and defense counsel's press of business. The Court expressly considered these issues in determining that a November trial would provide sufficient time for adequate investigation and effective trial preparation, taking into account the exercise of reasonable diligence. *See* Order 8/20/10 [Doc. No. 34] at 2-3. The Court does not find that the government's October 18 document production materially affected that determination. Arguably, the trial issues have been narrowed in the interim by the dismissal of one count of the Indictment and the Court's ruling that the forfeiture allegations will not be decided by a jury. For these reasons, the Court declines to impose a discovery sanction or to further continue the trial setting.

IT IS THEREFORE ORDERED that Defendant's Motion to Exclude Evidence, or in the Alternative, Motion for Continuance of Jury Trial [Doc. No. 43] is denied in its entirety.

IT IS SO ORDERED this  25th  day of October, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE