IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-10-43-D |
| ) | |
| MEHRAN KORANKI, ) | |
| ) | |
| Defendant. ) | |

### MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT

**COMES NOW** Saeed Corangi, a nonparty Movant, and in support of his Motion To Quash Subpoena, or in the Alternative, for Protective Order and Brief in Support and pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, respectfully requests this Court to quash the subpoena issued by the U.S. Attorney's Office dated 4/30/2015 directed to JP Morgan Chase Bank, NA requesting the production of personal banking information relating to Movant. In support of his Motion, Movant submits the following brief and legal authorities.

### BRIEF IN SUPPORT OF MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

### STATEMENT OF THE FACTS

On April 30, 2015, a Notice To Produce Documents was filed by Plaintiff, United States of America, [Document 100-1] with a copy of a Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of

Premises In a Civil Action which, according to the Notice, said Subpoena was served on JP Morgan Chase Bank, NA.

The Subpoena directed JP Morgan Chase Bank, NA, to produce the following materials:

> All documents, banking records and information reflecting all account information, signature cards, bank statements, payments, payment instructions, transfers, account holder information, and balances for accounts for Mehran Koranki or Saeed Corangi.

The trial of the case was concluded many years ago.

Movant has never been a party to this litigation.

No claims were ever asserted against Movant and his personal financial information is not relevant.

Although information relative to his financial accounts is sought, notice of this subpoena was never provided to Movant by Plaintiff or by the financial institution under subpoena. Movant is not a party to the litigation, but is a "party" to the subpoena as it is his financial accounts that are sought. Fed. R. Civ. P. 45(a)(4).

The subpoena subjects Movant to undue burden, violates his right to privacy and due process. The subpoena is overbroad in that the request for production of documents is not limited to any time period.

## ARGUMENT AND AUTHORITIES

Federal Rules of Civil Procedure 45(d)(3)(A) provides in relevant part:

2

> *When required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or, (iv) subjects a person to undue burden.

This subpoena seeks production of a broad range of confidential financial records. This type of intrusive discovery generally would not be permitted without some showing of a strong justification. Movant's legitimate interest in preserving sensitive personal information is in jeopardy.

Plaintiff unilaterally issued the subpoena and, in doing so, ignored Movant's due process rights. The right to discovery is not unlimited, particularly when it comes to the exercise of rights vis-à-vis nonparties.

The subpoena is overbroad in that the request for production of documents is not limited to any time period.

12 U.S.C §3407(1) allows for the production of financial records to a government authority when in relevant part that "the records sought are relevant to a legitimate law enforcement inquiry;" and, only if:

> (2) "a copy of the subpoena has been served upon the customer or mailed to his last known address on or before the date on which the subpoena was served on the financial institution together with the following notice which shall state with reasonable specificity the nature of the law enforcement inquiry…

Movant never received any such notice and is not aware of any such notice being sent and the request for production is not limited to any specific period of time.

This Court is the proper Court to hear this Motion as it is the "issuing" Court and the entity subject to the subpoena is not the Movant. A nonparty, Saeed Corangi, is the Movant and there exists "exceptional circumstances" including the fact that the subpoena arises out of a case which was originally filed, the Defendant was tried and sentenced in this jurisdiction and this Court has familiarity with the case, is in the best position to hear and resolve the issues raised in Movant's Motion and, to the best information and belief of counsel, the entity subpoenaed has not filed any objection to the subpoena so it will not be inconvenienced by this Court ruling on Movant's Motion.

In the alternative, Movant requests this Court enter a protective order forbidding disclosure of any of his personal financial information as such disclosure will cause Movant annoyance, embarrassment, oppression and undue burden.

Federal Rules of Civil Procedure 26(c) provides in relevant part:

> …any person from whom discovery is sought may move for a protective order in a court where the action is pending…The Court may, for good cause shown, issue an order to protect a party or a person from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following:
> (1) forbidding the disclosure or discovery;….

Pursuant to Federal Rules of Civil Procedure 26(c), a certification that counsel for the movant has conferred with Plaintiff's counsel in an effort to

resolve this matter without court action is attached hereto as Exhibit 2.

## CONCLUSION

**WHEREFORE** the Movant, Saeed Corangi, respectfully requests that this Court quash the subpoena, or, in the alternative, issue an appropriate protective order and that this Court order such other and further relief as the Court deems is just and reasonable.

Respectfully submitted,

s/ Robert W. Raftery
ROBERT W. RAFTERY, OBA#10597
3035 N.W. 63rd, Suite 102N
Oklahoma City, OK 73116
Telephone: (405) 605-1010
Facsimile:   (405) 810-4080
rwr609@cox.net
***Attorney for Movant***

**CERTIFICATE OF SERVICE**

This is to certify that on the 6th day of May, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

>Wilson D. McGarry
>Assistant U.S. Attorney
>210 Park Ave, Suite 400
>Oklahoma City, OK 73102
>**Attorney for Movant**

and mailed the attached document to:

>JP Morgan Chase Bank, NA
>7610 W. Washington Street
>Mail Code: IN1-4054
>Indianapolis, IN 46231

>*s/ Robert W. Raftery*
>ROBERT W. RAFTERY