IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-10-43-D |
| ) | |
| MEHRAN KORANKI, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTIONS TO QUASH SUBPOENAS**

Before the Court are two motions filed by a nonparty, Saeed Corangi, pursuant to Fed. R. Civ. P. 45(d) [Doc. Nos. 103 and 104]. Mr. Corangi seeks to quash subpoenas issued by the government to JP Morgan Chase Bank, NA and Barclays Bank, PLC for the production of documents relating to his bank accounts. The government has filed a combined response in opposition to both motions, which are fully briefed.

Counsel for Plaintiff issued subpoenas on April 30, 2015, commanding JP Morgan Chase Bank, NA and Barclays Bank, PLLC to produce and to permit inspection and copying of "[a]ll documents, banking records and information reflecting all account information, signature cards, bank statements, payments, payment instructions, transfers, account holder information, and balances for accounts of . . . Mehran Koranki or Saeed Corangi." *See* Subpoenas to Produce Documents, Information or Objects [Doc. Nos. 100-1 and 101-1]. By his motions, Mr. Corangi challenges the government's demand for his personal financial records as irrelevant to any issue in this case and an unwarranted intrusion into his private affairs. Mr. Corangi contends the government has no basis for seeking access to financial

accounts held by him individually.[1] Mr. Corangi also objects to the government's failure to provide notice to him when serving the subpoenas, as required by 12 U.S.C. § 3407(2), and he objects to the scope of the subpoenas because they lack a time limit. If the subpoenas are not quashed, Mr. Corangi alternatively requests a protective order prohibiting the disclosure of his personal financial information to third parties.

In response to Mr. Corangi's motions, the government argues that it is properly utilizing civil discovery procedures to enforce a $6,299,182.95 money judgment and a $6,010,157.90 restitution order imposed against Defendant Mehran Koranki, and that the records sought by the subpoenas are relevant and the intrusion into Mr. Corangi's affairs is warranted because he is Defendant's "brother, confidant, and business associate." *See* Pl.'s Resp. Br. [Doc. No. 105], p.3. The government states that Defendant and Mr. Corangi "are believed to have had extensive business dealings and shared bank accounts" so the financial records sought by the subpoenas "could reasonably lead to the discovery of assets belonging to" Defendant. *Id.*, p.7.

The government asserts that Mr. Corangi lacks standing to challenge the subpoenas because bank records are business records of the bank and implicate no personal privacy right of the account holder. Regarding the failure to notify Mr. Corangi of issuing the subpoenas, the government essentially takes a "no harm, no foul" position, arguing that Mr. Corangi must have received actual notice because he was able to assert timely

---

[1] In an attempt to resolve the dispute without judicial intervention, Mr. Corangi's counsel proposed that the government modify its subpoenas to request records regarding only accounts held by Mr. Corangi and Defendant jointly, but the proposal was rejected.

objections. The government also contends the cited statute, 12 U.S.C. § 3407, does not apply because it covers law enforcement inquiries, while this is a post-judgment collection matter. Finally, the government contends Mr. Corangi has failed to carry his burden under Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv) to show that the subpoenas either require the disclosure of protected matter or impose an undue burden.[2]

Upon consideration of the issues presented by the parties, the Court first finds that the government's standing argument is not persuasive and, in fact, is contrary to prior rulings of this Court. *See, e.g., Fullbright v. State Farm Mut. Auto. Ins. Co.*, Case No. CIV-09-297-D, 2010 WL 273690, *2 (W.D. Okla. Jan. 15, 2010). The government primarily relies on *United States v. Miller*, 425 U.S. 435 (1976), for the proposition that Mr. Corangi lacks a privacy interest in his bank records. *See* Pl.'s Resp. Br. [Doc. No. 105], pp.6,8. However, *Miller* was a Fourth Amendment case addressing the issue of whether a bank customer had a "legitimate expectation of privacy" in records maintained by the bank, not the issue of a customer's standing to challenge a request for his banking records. *See Miller*, 425 U.S. at 442. More importantly, *Miller* predates the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. §§ 3401-22, which was enacted in response to the Supreme Court's decision. *See Neece v. IRS*, 922 F.2d 573, 575 (10th Cir. 1990); *Pleasant v. Lovell*, 876 F.2d 787, 806 (10th Cir. 1989). RFPA "was enacted in response to a pattern of government abuse in the area of individual privacy and was intended 'to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting

---

[2] The government does not oppose Mr. Corangi's alternative request for a protective order.

legitimate law enforcement activity by requiring federal agencies to follow' established procedures when seeking a customer's financial records." *See Anderson v. La Junta State Bank*, 115 F.3d 756, 758 (10th Cir. 1997) (quoting *Neece*, 922 F.2d at 575). RFPA expressly confers on a bank customer the right to prior notice and an opportunity to object to a government subpoena for his or her financial records. *See* 12 U.S.C. § 3407.

Turning to Mr. Corangi's objection based on RFPA, the Court also finds unpersuasive the government's argument that it is not required to follow the statute if a customer's bank records are sought during post-judgment collection activities rather than a law enforcement investigation. The government cites no pertinent legal authority for this proposition, and the Court is aware of none. The plain language of the statute does not support this interpretation.

RFPA provides that with certain exceptions, "no Government authority may have access to or obtain copies of . . . the financial records of any customer from a financial institution unless the financial records are reasonably described" and either the customer has authorized the disclosure or the records are disclosed in response to an administrative subpoena or summons, a search warrant, a judicial subpoena, or a formal written request that meets certain criteria. *See* 12 U.S.C. § 3402. RFPA authorizes the government to obtain an individual's financial records pursuant to an administrative or judicial subpoena or a formal written request "only if – . . . there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry." *Id.* §§ 3405(1), 3407(1), 3408(3). Thus, contrary to the government's position in this case, the banks to which the subpoenas have been issued can disclose Mr. Corangi's bank records to the government *only if* they are relevant to a law

enforcement inquiry. Under the government's argument, RFPA's provision for disclosure of bank records is inapplicable because the records are not being sought as part of a law enforcement inquiry.

The government points to no exception provided by RFPA that would allow it to ignore the protections provided to Mr. Corangi as a bank customer. Accordingly, banks with which Mr. Corangi does business are prohibited from releasing his account records or information unless "a copy of the subpoena has been served upon the customer or mailed to his last known address"(*id*. § 3407(2)), and "until the Government authority seeking such records certifies in writing to the financial institution that it has complied with the applicable provisions" of the statute (*id*. § 3403(b)). By its own tacit admission, the government cannot provide the required certification regarding the subpoenas issued to JP Morgan Chase Bank, NA and Barclays Bank, PLC for Mr. Corangi's bank records. Therefore, the Court finds that the current bank subpoenas are unenforceable.

IT IS THEREFORE ORDERED that the Motions to Quash Subpoenas [Doc. Nos. 103 & 104] are GRANTED. The government's subpoenas issued to JP Morgan Chase Bank, NA and Barclays Bank, PLLC on April 30, 2015, are hereby QUASHED.

IT IS FURTHER ORDERED that Plaintiff's counsel is directed to promptly serve a copy of this Order on JP Morgan Chase Bank, NA and Barclays Bank, PLLC.

IT IS SO ORDERED this  16th  day of July, 2015.

*[signature]*
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE